# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0209
Lower Tribunal No. 22-CF-178-P
_____

**Tami Kutz Robertson,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, James W. Morgan, III, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Tami Kutz Robertson appeals orders revoking her probation and sentencing her to 36.5 months of imprisonment. The sole issue on appeal is whether the trial court erred when it granted her motion to correct sentencing errors but did not conduct a new sentencing hearing. It did, so we reverse the trial court's decision.

Based on a domestic dispute with her husband on Independence Day in July 2022, Robertson was charged with, and pleaded guilty to, the following: Count 1: Aggravated battery with a deadly weapon; Count 2: Aggravated assault with a deadly weapon; Count 3: Simple battery; and Count 4: Tampering with evidence.

Pursuant to a negotiated plea agreement, a predecessor judge sentenced Robertson to concurrent, 4-year terms of probation on counts 1, 2, and 4. For count 3, the misdemeanor battery charge, that judge sentenced her to 1 year of probation. Then, in December 2023, Robertson was accused of violating probation. She admitted that violation in February 2024. In response, the predecessor judge reinstated probation but modified the probation order by adding a special condition requiring Robertson to stay at least 500 feet away from her husband.

2

In March 2024, the State accused Robertson of violating her probation a second time. Robertson denied the allegation and asked the trial court to conduct the probation violation hearing giving rise to this appeal.

The trial court held Robertson's probation violation hearing in January 2025. Based on evidence the State presented during the hearing, the trial court found that Robertson violated her probation. During the sentencing phase of the probation violation hearing, the trial court confirmed that Robertson qualified as a violent felony offender of special concern ("VFOSC"). Robertson allocuted and insisted that she would never do anything to hurt her husband or his family. Nor would she ever go anywhere they go.

The trial court revoked probation on Counts 1, 2, and 4 and resentenced Robertson to concurrent terms of 36.5 months in Florida state prison for each count. However, pertinent to this appeal, the trial court did not make findings as to whether Robertson poses a danger to the community pursuant to the factors in section 948.06(8)(e), Florida Statutes (2022), either in writing or orally.[1] Robertson filed a timely notice of appeal.

---

[1] This is an undisputed fact.

Upon reviewing the record on appeal, counsel for Robertson realized that even though the trial court acknowledged that Robertson qualified as a VFOSC, the trial court never made any written or oral findings about whether Robertson posed a danger to the community. He then filed a motion to correct sentencing errors, arguing that Robertson is entitled to resentencing under this Court's decision in McCray v. State, 283 So. 3d 406 (Fla. 3d DCA 2019).

On July 23, 2025, the trial court held a hearing on the motion to correct sentencing errors. There, the trial court and the State both agreed that the court erred by failing to make the dangerousness findings required by section 948.06(8)(e)[2] and McCray. See 283 So. 3d at 408. Notably, the trial court

---

[2] The statute provides, in relevant part:

> (8)(a) In addition to complying with the provisions of subsections (1)-(7), this subsection provides further requirements regarding a probationer or offender in community control who is a violent felony offender of special concern . . .
>
> . . .
>
> (d) . . . The court shall not dismiss the probation or community control violation warrant pending against an offender enumerated in this paragraph without holding a recorded violation-of-probation hearing at which both the state and the offender are represented.
>
> (e) If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special

4

concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court *shall*:

**1. *Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community.*** In determining the danger to the community posed by the offender's release, the court shall base its findings on one or more of the following:

a. The nature and circumstances of the violation and any new offenses charged.

b. The offender's present conduct, including criminal convictions.

c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.

d. The weight of the evidence against the offender.

e. Any other facts the court considers relevant.

2. Decide whether to revoke the probation or community control.

a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.

b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

§ 948.06(8), Fla. Stat. (2023) (emphasis added).

and the State agreed that Robertson does not pose a danger to the community. The only disputed issue at the hearing was the question of remedy. Robertson argued that the remedy required by McCray is a new sentencing hearing where Robertson would have the opportunity to present mitigating evidence.

The State explained that it would prefer not to have an entirely new sentencing hearing, but acknowledged that McCray and Walker v. State, 354 So. 3d 626 (Fla. 2d DCA 2023) support Robertson's claim that she is entitled to a new sentencing hearing.[3] It also suggested the trial court merely enter a written order finding that Robertson does not pose a danger to the community to cure the error and circumvent the need for a new sentencing hearing. The trial court agreed with the State and stated that it would enter a written order partially granting Robertson's motion to correct sentencing error but denying her requested remedy, as well as an order finding that Robertson does not pose a danger to the community. The trial court later entered those orders and this appeal followed.

Robertson is correct in asserting that she is entitled to a new sentencing hearing. In Gibson v. State, published after the facts here were

---

[3] Robertson was not present for the hearing on the motion to correct sentencing error.

6

established, we made clear that a probationer is entitled to an order of revocation supported by written findings justifying such revocation:

> The probationer is entitled . . . [to] a written statement for revoking probation by the factfinder as to the evidence relied on and the reasons or revoking probation." McCloud v. State, 653 So. 2d 453, 455 (Fla. 3d DCA 1995) (quoting Black v. Romano, 471 U.S. 606, 612, 105 S. Ct. 2254, 85 L.Ed.2d 636 (1985)). "When, as here, the trial court has failed to enter any written order of revocation, this Court has, on plenary appeal, consistently granted relief in the form of a remand with directions for the trial court to enter a written order of revocation." Ward v. State, 306 So. 3d 1004, 1005 n.1 (Fla. 3d DCA 2020). We, therefore, remand to allow the trial court to memorialize, in an appealable written order, the evidence and basis for its probation violation finding. Upon entry of a probation revocation order, Gibson—if he so chooses—may appeal the order in a new appeal. See Johnson v. State, 388 So. 3d 255, 256 (Fla. 3d DCA 2024).

422 So. 3d 691, 693 (Fla. 3d DCA 2025).

We also reversed Gibson's sentencing order and remanded for the trial court to conduct another sentencing hearing with directions that the trial court shall make the dangerousness determination required by section 948.06(8), and that the trial court shall include the written findings required by section 948.06(8)(e) in its sentencing order.  In doing so, we further elaborated as follows:

> This Court has held that the trial court's compliance with section 948.06(8) is mandatory, and the court's failure to comply with this statute requires reversal and remand for a new sentencing hearing. See McCray v. State, 283 So. 3d 406, 409 (Fla. 3d DCA 2019) (reversing sentence where the trial court, at sentencing,

7

failed to make the dangerous determination required by section 948.06(8), and remanding for a new sentencing hearing with directions that the trial court make the required written findings when imposing the defendant's sentence); State v. Rincon, 273 So. 3d 1101, 1102-03 (Fla. 3d DCA 2019) (reversing the trial court's dismissal of an affidavit of violation of probation and contemporaneous termination of the defendant's probation where the trial court failed to comply with the procedural imperatives of section 948.06(8)); accord Walker v. State, 354 So. 3d 626, 630-31 (Fla. 2d DCA 2023) (vacating a sentencing order and remanding for another sentencing hearing in conformity to section 948.06(8), where the trial court failed to make the requisite dangerousness determination); Barber v. State, 207 So. 3d 379, 384-85 (Fla. 5th DCA 2016) (recognizing that "there are no provisions in [section 948.06(8)(e)] that make an exception for cases where the prison sentence is appropriate regardless of whether the defendant is or is not a danger," reversing a sentencing order and remanding for a new sentencing hearing with directions that the trial court make the required written findings).

Id. at 694.

We are bound by Gibson and McCray. Accordingly, we reverse Robertson's sentencing order and remand for the trial court to conduct a new sentencing hearing. The trial Court shall, consistent with Gibson and McCray, make the dangerousness determination required by section 948.06(8), and include in its sentencing order the written findings required by section 948.06(8)(e). McCray, 283 So. 3d at 409; Gibson, 422 So. 3d at 693.

Reversed and remanded with instructions.

8